# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CARLOS SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:21-cv-02689-MSN-tmp |
| v. ) | |
| ) | |
| WARDEN V. VENTEL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER DENYING MOTION FOR ENLARGEMENT OF TIME; ORDER DIRECTING RESPONDENT TO FILE RECORD AND RESPOND TO THE PETITION

On November 1, 2021, Petitioner Carlos Smith, Tennessee Department of Correction ("TDOC") prisoner number 283280, an inmate incarcerated at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ("§ 2254 Petition," ECF No. 1), and a motion for enlargement of time, (ECF No. 3), to prevent his petition from being time-barred. In response to the Court's Order, (ECF No. 5), Smith filed a petition with his signature on January 3, 2022. (ECF No. 8.) The Clerk shall record the Respondent as WCF Warden Vincent Vantell. Because the Court cannot extend the statute of limitations for filing a § 2254 Petition, the motion for enlargement of time is **DENIED**.

It is **ORDERED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Respondent file a response/answer to the § 2254 Petition within twenty-eight (28) days. The answer shall include the complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31. *See* 28

U.S.C. § 2254(b)(1).[1]  The answer shall, at a minimum, address the timeliness of the § 2254 Petition and state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses, if any, for each claim.  Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses.  Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

It is **ORDERED** that the Clerk shall send a copy of the petition and this Order to the Respondent and Tennessee Attorney General and Reporter by certified mail.  See Habeas Rule 4.

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service.  Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply.  The Court will address the merits of the § 2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

**IT IS SO ORDERED** this 6th day of January, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[1] The party filing a document has the burden to ensure the proper protection of sensitive information and take measures to seal such information where appropriate.  See Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; see also Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last accessed Jan. 6, 2022).